# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER LANGSTON, | Case No. 1:16-cv-01445-JLT (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY *IN FORMA PAUPERIS* STATUS SHOULD NOT BE REVOKED |
| v. | |
| AVILA, | (Docs. 1, 3, 7-10) |
| Defendant. | 30-DAY DEADLINE |

On November 29, 2016, the Court granted the plaintiff's request to proceed *in forma pauperis*. Recently, Plaintiff filed a motion to "supplement" his *in forma pauperis* status, which is currently before the Court as is his complaint for screening under 28 U.S.C. § 1915A(a). When these documents are reviewed together, it is apparent that Plaintiff was less than truthful when he indicated that he had only filed one prior lawsuit while a prisoner and that his *in forma pauperis* status should be revoked.

**A.  THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

injury." 28 U.S.C. § 1915(g).

**B. DISCUSSION**

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, the Court takes judicial notice of four of Plaintiff's prior lawsuits which were dismissed for failure to state a cognizable claim before Plaintiff filed this action: *Langston v. Finn, et al.*, 2:10-cv-02196-EFB, dismissed on 03/02/2011; *Langston v. Enkojii, et al.*, 2:10-cv-02715-GGH, dismissed on 04/26/2011; *Langston v. Finn, et al.*, 2:08-cv-00275-EFS, dismissed on 05/01/2013; and *Langston v. Hartley, et al.*, 2:10-cv-03191-KJN, dismissed on 05/24/2013. Thus, Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* in this action unless at the time the complaint was filed, he was under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's complaint and finds that he does not meet the imminent danger exception. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). In fact, despite having filed numerous actions[1] under section 1983 such that he is well aware of the pleading requirements, Plaintiff does not state *any* factual allegations in this action, but merely wrote "see attached." (Doc. 1, p. 3.) It is not the Court's job to sift through exhibits to ascertain the claims Plaintiff intends to pursue, their factual basis, and the identities of persons whom he intends to pursue as defendants. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir.

---

[1] *See* 1:11-cv-01073-GSA (PC) Langston v. Cole et al.; 1:16-cv-01603-DAD-EPG (PC) Langston v. Thompson et al.; 1:16-cv-01800-GSA (PC) Langston v. Jordan; 1:16-cv-01819-BAM (PC) Langston v. Mims;  2:08-cv-02475-EFS (PC) Langston v. Finn et al.; 2:10-cv-02196-EFB (PC) Langston v. Finn, et al.; 2:10-cv-02715-GGH (PC) Langston v. Enkoji et al.; 2:10-cv-03191-KJN (PC) Langston v. CDCR et al.; 2:11-cv-01478-JFM (PC) Langston v. Malloy et al.; 2:11-cv-01624-DAD (PC) Langston v. Shiaishi et al.; 2:11-cv-01625-JAM-JFM (PC) Langston v. Orr; 2:11-cv-01660-EFB (PC) Langston v. Cole et al.; 2:11-cv-01662-DAD (PC) Langston v. Reyes et al.; 2:12-cv-00334-TLN-CKD (PC) Langston v. Win et al.; 2:15-cv-01437-GEB-KJN (PC) Langston v. California Department of Corrections et al.; 2:15-cv-01500-CMK (PC) Langston v. Fox, et al.; 2:15-cv-01510-TLN-DAD (PC) Langston v. California Department of Correction, et al.; 2:16-cv-01912-KJN (PC) Langston v. Fox et al.; 2:16-cv-01981-AC (PC) Langston v. California Department of Corrections; 2:16-cv-02254-DB (PC) Langston v. Avila; 2:16-cv-02255-DB (PC) Langston v. California Department of Corrections and Rehabilitation et al.; 2:16-cv-02357-JAM-AC (PC) Langston v. Karl; 2:16-cv-02358-GEB-AC (PC) Langston v. Tyler; 2:16-cv-02359-MCE-CKD (PC) Langston v. Lopez et al.; 2:16-cv-02360-MCE-CKD (PC) Langston v. Weber; 2:16-cv-02361-JAM-CMK (PC) Langston v. Gamoly et al.; 2:16-cv-02362-MCE-CKD (PC) Langston v. Roesser; 2:16-cv-02364-GEB-EFB (PC) Langston v. Frantzen et al.; 2:16-cv-02365-JAM-CMK (PC) Langston v. Williams; 2:16-cv-02366-WBS-DB (PC) Langston v. Blackford; 2:16-cv-02509-CKD (PC) Langston v. Thompson et al.; 2:16-cv-02510-KJM-CMK (PC) Langston v. Corona; 2:16-cv-02743-CKD (PC) Langston v. Jordan; 2:16-cv-02749-AC (PC) Langston v. Mims; 2:95-cv-00221-WBS-JFM (PC) Langston v. Jay, et al.

2007) (quoting *Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir. 1999)) ("'[T]he party who brings a suit is master to decide what law he will rely upon.'").  Certainly, Plaintiff does not state any allegations upon which to find that he was under imminent danger of serious physical injury at the time the Complaint was filed.  Thus, Plaintiff is precluded from proceeding *in forma pauperis* in this action.  *Andrews*, 493 F.3d at 1056-57.

## C. ORDER

Accordingly, the Court **ORDERS:**

1. **Within 30 days** of the date of service of this order, Plaintiff **SHALL** show cause in writing why his *in forma pauperis* status should not be revoked;

2. Plaintiff's motion to supplement his *in forma pauperis* status is **DENIED**.

IT IS SO ORDERED.

Dated:   **December 16, 2016**              **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE