# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTHER SHANE LANGSTON, | Case No. 1:16-cv-01445-JLT (PC) |
| Plaintiff, | **ORDER REVOKING** *IN FORMA PAUPERIS* |
| v. | **(Docs. 7, 8, 9, 10, 11)** |
| AVILA, | |
| Defendant. | **30 DAY DEADLINE** |

On November 29, 2016, the Court granted the plaintiff's request to proceed *in forma pauperis*. Plaintiff thereafter filed a motion to "supplement" his *in forma pauperis* status, which when reviewed in light of the complaint, revealed that Plaintiff was less than truthful as to prior lawsuits filed while a prisoner and that his *in forma pauperis* status should be revoked. Thus, on December 16, 2016, the Court ordered Plaintiff to show cause within 30 days why his *in forma pauperis* status should not be revoked. (Doc. 11, OSC.) More than the allowed time has lapsed and Plaintiff has failed in any way to respond to the OSC.

As stated in the OSC, prisoners may not bring a civil action under 28 U.S.C. §1915(g) if he or she has, on three or more prior occasions, while incarcerated or detained, brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Such dismissals are colloquially referred to as "strikes." As also accurately noted in the OSC,

1  Plaintiff had at least four strikes[1] under section 1915(g) prior to filing this action.  Thus, Plaintiff
2  may only proceed under section 1915(g) if he meets the imminent danger of serious physical
3  injury exception.
4        The Ninth Circuit has stated that "requiring a prisoner to 'allege [ ] an ongoing danger' . . .
5  is the most sensible way to interpret the immanency requirement." *Andrews v. Cervantes*, 493
6  F.3d 1047, 1056 (9th Cir.2007), citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.2003).
7  *Andrews* held that the imminent danger faced by the prisoner need not be limited to the time
8  frame of the filing of the complaint, but may be satisfied by alleging a danger that is ongoing.
9  *See Andrews* at 1053.
10        As found in the OSC, Plaintiff's complaint does not satisfy the imminent danger exception
11  as he does not state *any* factual allegations, but merely wrote "see attached." (Doc. 1, p. 3.)  As
12  Plaintiff well knows due to his experience in filing lawsuits, it is not the Court's job to sift
13  through exhibits to ascertain the claims Plaintiff intends to pursue, their factual basis, and the
14  identities of persons whom he intends to pursue as defendants. *O'Guinn v. Lovelock Corr. Ctr.*,
15  502 F.3d 1056, 1060 (9th Cir. 2007) (quoting *Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir.
16  1999)) ("'[T]he party who brings a suit is master to decide what law he will rely upon.'").
17  Plaintiff does not state allegations upon which to find that he was under imminent danger of
18  serious physical injury at the time the Complaint was filed to satisfy the imminent danger
19  exception to section 1915(g).  *See Andrews*, 493 F.3d at 1055-56.  Therefore, Plaintiff must pay
20  the $400.00 filing fee if he wishes to litigate the claims he raises in this action.  Accordingly, the
21  Court **ORDERS:**
22        1.      Plaintiff's *in forma pauperis* status is **REVOKED**;
23  ///
24  ///
25  ///
26
27  [1] *See* Case Nos. *Langston v. Finn, et al*., 2:10-cv-02196-EFB, dismissed on 03/02/2011; *Langston v. Enkojii, et al.*, 2:10-cv-02715-GGH, dismissed on 04/26/2011; *Langston v. Finn, et al*., 2:08-cv-00275-EFS, dismissed on 05/01/2013; and *Langston v. Hartley, et al*., 2:10-cv-03191-KJN, dismissed on 05/24/2013.
28

2. **Within 30 days** from the date of service of this order, Plaintiff SHALL pay the $400.00 filing fee for this action in full.

**Plaintiff's failure to comply with this order SHALL result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **January 31, 2017**                             /s/ Jennifer L. Thurston
                                                                          UNITED STATES MAGISTRATE JUDGE