# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SHANE LANGSTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AVILA,<br><br>　　　　Defendant. | **Case No. 1:16-cv-01445-JLT (PC)**<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE**<br><br>**(Docs. 7, 8, 9, 10, 11, 12)** |

On November 29, 2016, the Court granted the plaintiff's request to proceed *in forma pauperis*. Plaintiff thereafter filed a motion to "supplement" his *in forma pauperis* status, which when reviewed in light of the Complaint, revealed that Plaintiff was less than truthful as to prior lawsuits filed while a prisoner and that his *in forma pauperis* status should be revoked. Thus, on December 16, 2016, an order issued for Plaintiff to show cause within 30 days why his *in forma pauperis* status should not be revoked. (Doc. 11, OSC.) More than the allowed time lapsed without any response from Plaintiff to the OSC. Thus, on January 31, 2017, an order issued revoking Plaintiff's *in forma pauperis* status and requiring Plaintiff to pay the $400.00 filing fee in full within thirty days. (Doc. 12, O revoke IFP.) More than thirty days from the date that order issued have lapsed and Plaintiff has not paid the filing fee.

　　The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the

Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

A civil action may not proceed absent the submission of either the filing fee or a completed application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914, 1915. Plaintiff is not eligible for the latter and was ordered to pay the filing fee. Based on Plaintiff's failure to comply with the Court's order to pay the filing fee, dismissal of this action is appropriate. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

Accordingly, the Court **ORDERS** that this action is **DISMISSED without prejudice** because of Plaintiff's failure to obey the Court's January 31, 2017 order and to pay the filing fee.

IT IS SO ORDERED.

Dated:   **March 27, 2017**             **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE